IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

| | |
|---|---|
| STEPHEN TRIPODI,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>KETTERING UNIVERSITY and<br>GENERAL MOTORS, LLC,<br><br>　　　　Defendants. | CASE NO:  2:24-cv-12562<br>Honorable Jonathan J.C. Grey (P85893)<br><br><br>JURY TRIAL DEMANDED |

| | |
|---|---|
| STEPHEN TRIPODI, Pro Se<br>215 North Arizona Ave<br>Prescott, Arizona 86301<br>928-350-7445<br>sctripodi@yahoo.com | DONALD G. ROCKWELL (P26723)<br>University Counsel for Kettering University<br>1700 University Avenue<br>Flint, Michigan 48504<br>810-762-9580<br>drockwell@kettering.edu<br><br>THOMAS N. LURIE JR. (P82856)<br>Dykema Gossett PLLC<br>Attorney for General Motors LLC<br>39577 Woodward Avenue, Suite 300<br>Bloomfield Hills, Michigan 48304<br>248-203-0806<br>tlurie@dykema.com |

_____

**AMENDED COMPLAINT FOR TRESPASS TO LAND, CONVERSION OF PROPERTY, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS and NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(28 U.S.C. § 1332; Diversity of Citizenship)**

COMES NOW PLAINTIFF PRO SE Stephen Tripodi, who alleges and complains as follows;

1

# PARTIES AND JURIDICTION

1. The Plaintiff is an individual and a citizen of the State of Arizona. Jurisdiction is based on Plaintiff's Diversity of Citizenship.

2. The Defendants are Kettering University and General Motors LLC. Kettering University (hereafter Kettering) is incorporated under the laws of the state of Michigan, and has its principal place of business in the State of Michigan. General Motors LLC (hereafter GM) is incorporated under the laws of the state of Delaware, and has its principal place of business in the State of Michigan.

3. *The Amount in Controversy.  The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because (explain):* Plaintiff seeks $500,000.00 for property damages, physical injury, loss of use, loss of income and for costs of alternate living expenses; Plaintiff seeks consequential damages of $1,000,000.00 from each of the defendants for willful acts of domestic terrorism by its staff towards a historic property.

## STATEMENT OF FACTS RELATED TO ALL CLAIMS

4. ON OCTOBER 1, 2022, the staff and students of defendants' Kettering University and General Motors (GM) trespassed on land owned by

2

plaintiff at 718 Wolcott St, Flint, MI 48504 and intentionally cut down and stole a 103 year old registered Euonymus alatus plant that was the subject of a 20 year botany dissertation study by the plaintiff. Defendant Kettering destroyed the property despite several neighbors attempting to stop the defendant's staff and students. The front yard was kept and public records clearly showed private ownership and historic registry. The defendant made several cuts on trees that fell onto the roof causing severe damage and leaving the home uninhabitable. The defendant left several tree branches half cut which later fell on plaintiff causing permanent injury. The plaintiff has had to pay considerable sums to replace the roof of the house and will require extensive further work to repair internal damage caused by defendants' actions. Plaintiff owned the house for 20 years and specifically purchased said home for the study of the plant in question. The plaintiff endured countless gangsters, drug dealers and unbelievable acts of violence, including having to testify at a murder trial; only to have it all destroyed by a college nearly a mile away with well-known plans to redevelop the area. The plaintiff now suffers from severe post-traumatic stress disorder from the unbelievable acts committed by defendants.

3

5. Defendant 2 GM employs all senior members of defendant 1's Board and directly controls their actions by way of recommendations that benefit and protect and profit GM. As such, the only party that would be alternately affected by the plaintiffs botany study is defendant 2, since the major component of his thesis involved the processing of toxins known to come from the defendant 2's "Chevy in the hole" brownfield site that has grown to encompass the property of the plaintiff. Despite defendant Kettering receiving millions of dollars for redevelopment of the area, it is instead using such funds to blithe and destroy the entire area since the current soil toxins and historic unmarked gravesites makes redevelopment a known impossibility to all.

6. As a direct result of the defendants' actions, Plaintiff suffers Post Traumatic Stress Disorder (PTSD) and will continue to suffer such for the remainder of his life.

7. Defendant Kettering has made public its intent to redevelop the area encompassing Plaintiff's property for the past 10 years.
https://www.kettering.edu/news/kettering-plays-key-role-flints-master-plan-process
https://www.mlive.com/news/flint/2015/02/flints_kettering_university_re.html

8. The defendants' failure to check public records for ownership and permission to enter the property was intentional and serve to steal

plaintiff's research Euonymus alatus, and to destroy the house beyond the costs of repairs.

9. Defense counsel for Kettering has admitted to the trespass in emails between the parties since October 2022, but has failed, and refused, to provide any insurance to cover the needed repairs.  The defense counsel continues to harass the plaintiff with passive aggressive acts even now.

10. Plaintiff has been forced to cover ongoing repair costs while having to pay for alternate living expenses for several years in excess of $2,000.00 per month while also having to pay taxes and upkeep on the property.

## **TRESPASS TO LAND**

11. The defendants knowing and intentionally entered plaintiff's property and destroyed it while taking a 103 year old plant more than 30 feet tall without consent or reason. This left plaintiff with nothing to complete with dissertation study of 20 years. The future income from a doctrine in Botany is comparable to $20,000.00 a month that the plaintiff has now lost out on due to defendant's intentional acts against plaintiff and his property.

12. Defendant Kettering falsely claimed to neighbors that they were there because "Land Bank owned the house!"  In attempt to sway the neighbors not to intervene in the trespass.  Several neighbors did ask

Kettering to stop since they all knew the Plaintiff and that the property was being preserved and maintain by the owner of 722 Wolcott St, 48504, and by the resident at 719 Prospect St, 48503, who ran over to stop Kettering's staff to no avail as Kettering used a chainsaw to permanently destroy the plant of study.

13. Defendant GM had members of its staff enter the Plaintiff's property to remove the plant of study and place it in to a Box truck owned by GM.

14. The acts of the defendants' were witnessed by several neighbors.

15. As a proximate result of the negligence and the resulting trespass, Plaintiff has suffered damages from the loss of use and enjoyment of the property encroached upon, trespassed on, or obstructed in an amount to be proven at time of trial.

## **CONVERSION OF PROPERTY**

16. Plaintiff incorporates by reference and re-avers each and every paragraph 1-15 above.

17. Plaintiff alleges that at all times it possess the lands and that Defendants wrongfully interfered with Plaintiff's right to possess the lands, by occupying the lands, destroying the same under the disguise of a clean-up, and then removing a 103 year old Euonymus alatus to a facility owned by GM at 3100 Van Slyke Rd, Flint, MI 48507.

18. This act of conversion was witnessed by plaintiff's neighbor who followed the truck to such facility owned by GM on Van Slyke Road.

19. The actions by both defendants occurred just 3 days before Plaintiff's schedule return to the property for final study and samples after nearly 20 years of ownership and research.

20.  As a result of Defendants' wrongful conversion of the property, Plaintiff suffered harm, in an amount to be determined at trial, Defendants being a substantial cause of Plaintiff's harm.

## **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

21.  Plaintiff incorporates by reference all allegations contained in Paragraphs 1-20 of this Complaint as though fully set forth herein at length.

22. Defendants by act intended to inflict emotional distress upon Plaintiff via trespass, conversion, verbal threats, racial epithets, refusal to make repairs, and threats of violence was intentional and malicious and done for the sole purpose of causing Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

23.  As a further proximate result of defendants' actions and the consequences proximately caused by it, as hereinabove alleged, plaintiff suffered severe humiliation, mental anguish, and emotional and physical

distress, and has been injured in mind and body as follows: damages in the sum to be determined at trial.

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

24. Plaintiff incorporates by reference all allegations contained in Paragraphs 1-23 of this Complaint as though fully set forth herein.

25. Defendants by act negligently inflicted emotional distress upon Plaintiff and guests via verbal threats, false statements of land seizure and threats of violence specific to Plaintiff. Said conduct was intentional and malicious and done for the sole purpose of causing Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

26. As a further proximate result of defendants' actions and the consequences proximately caused by it, as hereinabove alleged, plaintiff suffered severe humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body as follows: damages in the sum to be determined at trial based on proof.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby prays that judgment be entered in his favor, against the Defendant, as follows:

A. Plaintiff seeks a sum to be determined but no less than $500,000.00 for property damages, loss of use, loss of income and

for cost of alternate living expenses due to the acts of the defendants;

B. Plaintiff seeks consequential damages of $ 1,000,000.00 from each of the defendants for willful acts of domestic terrorism by its staff towards a historic property;

C. For general and compensatory damages that are commensurate with the harm suffered by plaintiff and for all losses, injuries and damages, including the costs of this action and for all other just and proper relief in these premises;

D. For injunctive relief barring any future development of a half mile radius from the Plaintiff's property for 20 years and to surrender deed to all properties owned on Wolcott Street between 600 through 799 or what the Court deems proper;

E. For costs and fees incurred in this civil action as they may be allowable by law, together with such further and additional relief at law or in equity that this Court may deem proper.

Dated: December 11, 2024

                                  By: /s/ Stephen Tripodi
                                  Plaintiff Stephen Tripodi

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this amended complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contention have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated this 11th day of December, 2024.

By: /s/ Stephen Tripodi
Plaintiff Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2024, I electronically transmitted the above document with all attachments and proposed order to the USDC for Eastern Michigan Clerk's Office using the CM/ECF System for filing and emailed a copy to defense counsels using the same.

By: /s/ Stephen Tripodi
Plaintiff Pro Se