# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

STEPHEN TRIPODI,

        Plaintiff,

v.

                              Case No. 2:24-cv-12562

KETTERING UNIVERSITY,
GENERAL MOTORS LLC, and
CITY OF FLINT MICHIGAN.

                              Judge Jonathan J.C. Grey

        Defendants.

---

## GENERAL MOTORS LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant General Motors LLC ("GM"), through its counsel, Dykema Gossett PLLC, moves the Court to Dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(c) (the "Motion"). Plaintiff's Second Amended Complaint must be dismissed in its entirety because it fails to state any claim against GM upon which relief can be granted, and the insufficient pleadings do not establish a legally cognizable claim. In support of its Motion, GM relies on the law and arguments in the accompanying Brief in Support, the pleadings and documents filed with the Court, and all matters of which the Court may take judicial notice.

Pursuant to L.R. 7.1(d), GM's counsel sought concurrence of the relief sought via telephone on February 27, 2025 and explained the nature of this Motion and its

legal bases but was unable to obtain concurrence for the relief requested in the Motion.

WHEREFORE, General Motors LLC respectfully requests that the Court enter an Order granting its Motion, dismiss all Counts asserted against GM in Plaintiff's Second Amended Complaint with prejudice, and award any other relief the Court deems appropriate.

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

Dated: March 3, 2025      By: /s/ *Connor B. Walby*

Connor B. Walby (P82022)
Thomas N. Lurie Jr (P82856)
Evelyn Y. Galván (P87992)
39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304
Telephone: (248) 203-0700
CWalby@dykema.com
TLurie@dykema.com
EGalvan@dykema.com
*Attorneys for General Motors LLC*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

STEPHEN TRIPODI,

      Plaintiff,

v.

                              Case No. 2:24-cv-12562

KETTERING UNIVERSITY,
GENERAL MOTORS LLC, and                     Judge Jonathan J.C. Grey
CITY OF FLINT MICHIGAN.
                Defendants.

---

## GENERAL MOTORS LLC'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ........................................................................ ii

ISSUES PRESENTED............................................................................... v

CONTROLLING AUTHORITIES ............................................................ vi

INTRODUCTION ..................................................................................... 1

FACTUAL BACKGROUND ..................................................................... 1

LEGAL STANDARD ................................................................................ 3

ARGUMENT ............................................................................................. 4

I.    Plaintiff's Second Amended Complaint Fails to State a Claim Under
      Fed. R. Civ. P. 12(b)(6) .................................................................. 4

      A.    Plaintiff Fails to Plead that GM Committed Trespass.......................... 5

      B.    Conversion of Property is Insufficiently Pleaded by Plaintiff ............. 7

      C.    Plaintiff Fails to Sufficiently Plead Extreme or Outrageous
            Conduct by GM to Establish a Claim for Intentional Infliction of
            Emotional Distress .................................................................. 9

      D.    Plaintiff's Negligent Infliction Of Emotional Distress Claim
            Fails Because He Was Not Present When A Third Party Was
            Allegedly Harmed. ................................................................ 11

      E.    Plaintiff Does Not Sufficiently Allege Vicarious Liability ................. 12

II.   Plaintiff's Second Amended Complaint Fails to State a Claim Under
      Fed. R. Civ. P. 12(c) ...................................................................... 14

CONCLUSION ......................................................................................... 17

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adams v. Cleveland-Cliffs Iron Co.*,
   237 Mich. App. 51 ....................................................................................iv, 5

*AFT Mich. v. Project Veritas*,
   378 F. Supp. 3d 614 (E.D. Mich. 2019) ........................................iv, 5

*Agema v. City of Allegan*,
   826 F.3d 326 (6th Cir. 2016) ..........................................................iv, 3

*Ahghazali v. Sec'y of Health & Human Servs.*,
   867 F.2d 921 (6th Cir. 1989) ........................................................iv, 14

*Am. Transmission, Inc. v. Channel 7 of Detroit, Inc.*,
   239 Mich. App. 695, 609 N.W.2d 607 (2000)..................................iv, 5

*Andrews v. Prudential Sec.*,
   160 F.3d 304 (6th Cir. 1998) ..........................................................iv, 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)....................................................................*passim*

*Beacon Navigation GmbH v. Bayerische Motoren Werke AG*,
   709 F. Supp. 3d 364 (E.D. Mich. 2023) ........................................iv, 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................v, 4, 8

*Brown v. Tennessee Gas Pipeline Co.*,
   623 F.2d 450 (6th Cir. 1980) ........................................................v, 14

*Cloverleaf Car. Co. v. Phillips Petroleum Co.*,
   213 Mich. App. 186 ........................................................................v, 5

*Davis v. Prison Health Servs.*,
   679 F.3d 433 (6th Cir. 2012) ..........................................................v, 3

*Ferguson v. Neighborhood Hous. Servs., Inc.*,
   780 F.2d 549 (6th Cir. 1986) ........................................................v, 14

ii

*Franklin Capital Funding, LLC v. Austin Bus. Fin., LLC,*
    676 F. Supp. 3d 515 (E.D. Mich. 2023) .......................................v, 7, 8

*Frengler v. Gen. Motors,*
    482 F. App'x 975 (6th Cir. 2012) ........................................v, 7, 8, 11

*Gamboa v. Ford Motor Co.,*
    381 F. Supp. 3d 853 (E.D. Mich., 2019) ....................................v, 16

*Gold v. Deloitte & Touche, LLP (In re NM Holdings Co., LLC),*
    411 B.R. 542 (E.D. Mich. 2009).....................................................v, 16

*Gordon v. Nextel Commc'ns,*
    345 F.3d 922 (6th Cir. 2003) ........................................................v, 13

*Handy-Clay v. City of Memphis,*
    695 F.3d 531 (6th Cir. 2012) ......................................................v, 3, 6

*Heppard v. Dunham's Athleisure Corp.,*
    705 F. Supp. 3d 833 ...................................................................v, 4

*House of Providence v. Meyers,*
    458 F. Supp. 3d 621 (E.D. Mich. 2020) .......................................v, 11

*Koester v. VCA Animal Hosp.,*
    244 Mich. App. 173, 624 N.W.2d 209 (2000).................................v, 9

*Llewellyn-Jones v. Metro Prop. Grp., Ltd. Liab. Co.,*
    22 F. Supp. 3d 760 (E.D. Mich. 2014) .........................................vi, 9

*Matouk v. Mich. Mun. League Liab. & Prop. Pool,*
    320 Mich. App. 402, 907 N.W.2d 853 (2017)....................... vi, 13, 14

*McGrew v. Duncan,*
    333 F. Supp. 3d 730 (E.D. Mich. 2018) ...................................vi, 9, 11

*Paskvan v. City of Cleveland Civil Serv. Comm'n,*
    946 F.2d 1233 (6th Cir. 1991) ....................................................vi, 4

*Rogers v. J.B. Hunt Transp.,*
    466 Mich. 645, 649 N.W.2d 23 (2002)........................................vi, 13

*Saoud v. Everest Indem. Ins. Co.*,
  551 F. Supp. 3d 777 (E.D. Mich. 2021) ..........................................................vi, 6

*Thomas v. Eby*,
  481 F.3d 434 (6th Cir. 2007) ...............................................................vi, 3

*Wargelin v. Sisters of Mercy Health Corp.*,
  149 Mich. App. 75, 385 N.W.2d 732 (1986)................................... vi, 10, 11, 12

*Wells v. Brown*,
  891 F.2d 591 (6th Cir. 1989) ...........................................................vi, 8

*Williams v. Curtin*,
  631 F.3d 380 (6th Cir. 2011) ..........................................................vi, 3

*Wolfenbarger v. Wright*,
  336 Mich. App. 1 ...............................................................................vi, 5

## Other Authorities

Fed. R. Civ. P. 12(b)(6)......................................................................*passim*

Fed. R. Civ. P. 12(c)............................................................... vi, vii, 4, 14

Federal Rule of Civil Procedure 12(b)(6) and 12(c)......................................... vi, viii

## **<u>ISSUES PRESENTED</u>**

I. Whether Plaintiff sufficiently pleaded any cause of action against GM based on the facts alleged under Fed. R. Civ. P. 12(b)(6);

GM answers: **NO.**

Plaintiff answers: **YES.**

II. Whether GM is entitled to judgment on the pleadings under Fed. R. Civ. P. 12(c).

GM answers: **YES.**

Plaintiff answers: **NO.**

## <u>CONTROLLING AUTHORITIES</u>

For its Motion to Dismiss, GM relies upon Federal Rules of Civil Procedure 12(b)(6) and 12(c) and binding authority from the Supreme Court of the United States articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and its progeny. GM also provides citations to controlling Michigan precedent corresponding to each potential legal claim in its Brief in Support and incorporates the Brief by reference herein.

## **INTRODUCTION**

Despite numerous opportunities to amend, Plaintiff's various legal theories against GM including (1) trespass to land (2) conversion of property, (3) intentional infliction of emotional distress, (4) negligent infliction of emotional distress, and (5) vicarious liability are insufficiently pleaded, lack factual support, do not plausibly state a claim for relief, and warrant dismissal by this Court.

Plaintiff's allegations stem from the purported destruction of an *Euonymus alatus* plant—an invasive species, commonly known as the "burning bush"—in Flint, Michigan on or about October 1, 2022. GM, however, did not participate nor was it involved in the alleged actions, let alone direct anyone to remove the bush. Instead, Co-Defendant Kettering University ("Kettering") admitted in response to Plaintiff's prior and extant pleadings that Kettering—and Kettering alone—accidentally trespassed onto Plaintiff's property in a community service effort to remove overgrown vegetation. Plaintiff's alleged damages are therefore not caused by any act or omission by GM, but rather by Kettering, its staff, and students. Accordingly, dismissal as to GM is appropriate.

## **FACTUAL BACKGROUND**

On September 30, 2024, Plaintiff filed his original Complaint against Kettering and GM. (Dkt. 1). GM moved this Court to dismiss Plaintiff's Complaint

on November 19, 2024. (Dkt. 16). Plaintiff did not file a response to GM's initial Motion. Kettering filed an Answer. *See* Exhibit A and B.

On December 13, 2024, and with leave of Court, Plaintiff filed his First Amended Complaint. (Dkt. 20, Plaintiff's Am. Compl.). GM again moved to Dismiss Plaintiff's First Amended Complaint. (Dkt. 21). On December 21, 2024, Kettering filed its Answer to Plaintiff's Amended Complaint. (Dkt. 22). *See* Exhibit C and D. In Kettering's Answer to Plaintiff's Amended Complaint, Kettering admitted "some of its staff and students entered Plaintiff's property [. . .] on October 1, 2022, and cut down a burning bush plant and other minor vegetation that completely blocked the front steps to the front porch of the house on the property. This was done ***at the request of neighbors(s)*** as a community service project ***by Kettering University*** to improve the area and it was done under the impression that the property was abandoned." (Dkt. 22 at page 2, ¶ 4) (Emphasis added).

On January 24, 2025, rather than respond to GM's second Motion to Dismiss, Plaintiff filed a second Motion for Leave to Amend the Complaint to add the City of Flint as a defendant (Dkt. 25), which the Court granted (Dkt. 30). Plaintiff subsequently filed the extant Second Amended Complaint on February 10, 2025. (Dkt. 31).

Like in his prior pleadings, Plaintiff's Second Amended Complaint alleges damages after Kettering students and staff entered his property and destroyed a bush

on or about October 1, 2022. (Dkt. 31 at page 3). In its Answer to Plaintiff's Second Amended Complaint, Kettering again admitted that Kettering students and staff accidently entered Plaintiff's property and cut down the complained-of bush as part of a community service project by Kettering University. (Dkt. 32 at page 2-3, ¶ 5; page 4 ¶ 17, ¶ 21, ¶ 23, ¶ 25; page 5 ¶ 28).

## <u>LEGAL STANDARD</u>

"To survive a motion to dismiss, a litigant must allege enough facts to make it plausible that the defendant bears legal liability." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678). Courts give "liberal construction accorded to pro se pleadings." *Williams v. Curtin*, 631 F.3d 380, 384 (6th Cir. 2011). Yet, a *pro se* plaintiff's complaint must state a claim to relief that is plausible on its face. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The facts cannot make it merely possible that the defendant is liable; they must make it plausible." *Agema*, 826 F.3d at 331. Courts "need not accept as true 'a legal conclusion couched as a factual allegation.'" *Handy-Clay v. City of Memphis*, 695 F.3d 531, 539 (6th Cir. 2012). A claim has facial plausibility when it allows the court to draw the "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Heppard v. Dunham's Athleisure Corp.*, 705 F. Supp. 3d 833, 836 (E.D. Mich. 2023 (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991)). A Rule 12(c) motion is a judgment on the pleadings that is appropriate after the pleadings are closed "but early enough not to delay trial." *Beacon Navigation GmbH v. Bayerische Motoren Werke AG*, 709 F. Supp. 3d 364, 373 (E.D. Mich. 2023) (citing Fed. R. Civ. P. 12(c)). Courts decide a 12(c) motion under the same standard as a 12(b) motion. *Id*. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

## **ARGUMENT**

### I.   **Plaintiff's Second Amended Complaint Fails to State a Claim Under Fed. R. Civ. P. 12(b)(6)**

The Second Amended Complaint (1) abjectly fails to provide more than a conclusory allegation of trespass against GM, which is insufficient to state a legal claim, (2) lacks the facts necessary to prove conversion of property against GM, (3) makes mere conclusory allegations of intentional infliction of emotional distress ("IIED"), (4) makes blanket allegations of negligent infliction of emotional distress

("NIED") which Plaintiff's own factual allegations disprove, and (5) fails to allege facts to establish a vicarious liability claim against GM.

    A.    <u>Plaintiff Fails to Plead that GM Committed Trespass</u>

In Michigan, trespass is the unauthorized invasion upon private property of another. *AFT Mich. v. Project Veritas*, 378 F. Supp. 3d 614, 624 (E.D. Mich. 2019) (citing *Am. Transmission, Inc. v. Channel 7 of Detroit, Inc.*, 239 Mich. App. 695, 609 N.W.2d 607, 613 (2000)). Trespass requires that "the actor must intend to intrude on the property of another without authorization to do so." *Id.* If the intrusion was due to negligence or an abnormally dangerous condition, an action for trespass is not proper. *Cloverleaf Car. Co. v. Phillips Petroleum Co.*, 213 Mich. App. 186, 195; 540 N.W.2d 297 (1995); *see also Wolfenbarger v. Wright*, 336 Mich. App. 1, 15; 969 N.W.2d 518 (2021) ("the intrusion must have been intentional"). The intrusion must involve some direct invasion by a person or thing. *Adams v. Cleveland-Cliffs Iron Co.*, 237 Mich. App. 51, 67; 602 N.W.2d 215 (1999).

In the original Complaint, Plaintiff failed to state a claim for trespass because it lacked any allegation that GM entered the property. (Dkt. 1). *See AFT Mich.*, 378 F. Supp. 3d at 624. The Second Amended Complaint fairs no better. In attempt to cure its observed deficiencies, Plaintiff insufficiently adds conclusory and blanket statements of GM's alleged trespass. Indeed, Plaintiff alleges that GM "had members of its staff enter the Plaintiff's property to remove the plant of study and place it in

to a Box truck owned by GM." (Dkt. 31 at page 9, ¶ 21). Yet, there is no allegation, let alone a plausible one, that the person was acting within their course and scope of employment with GM. A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Saoud v. Everest Indem. Ins. Co.*, 551 F. Supp. 3d 777, 795-96 (E.D. Mich. 2021) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

Even with the Court's leave to file a Second Amended Complaint, Plaintiff's claims still lack sufficient facts to make it plausible that GM participated in the trespass in any way. Because Plaintiff's allegation of trespass against GM is conclusory and does not offer any factual support, that statement cannot be accepted by the Court. *See Handy-Clay*, 695 F.3d at 539 (Courts "need not accept as true 'a legal conclusion couched as a factual allegation.'").

Critically, the facts alleged in the Second Amended Complaint exonerate GM. Plaintiff avers that "***Defendant Kettering*** destroyed the property despite several neighbors attempting to stop the defendant's [Kettering's] staff and students." (Dkt. 31 at page 3) (Emphasis added). Plaintiff also specifically alleges that Kettering admitted to the trespass in emails since October 2022, that Kettering students and staff spoke to the neighbors, and that Kettering used a chainsaw "to permanently

destroy the plant of study." (Dkt. 31 at page 6, ¶ 12; page 7-8, ¶ 18). Plaintiff has failed to state a claim, and thus GM cannot be liable for trespass.

B.    <u>Conversion of Property is Insufficiently Pleaded by Plaintiff</u>

Plaintiff's conversion allegations against GM also require dismissal. In Michigan, common law "[c]onversion arises from 'any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein.'" *Franklin Capital Funding, LLC v. Austin Bus. Fin., LLC*, 676 F. Supp. 3d 515, 529 (E.D. Mich. 2023) (internal citations omitted).

Plaintiff's allegations are too tenuous to state a plausible claim for common law conversion of property against GM. Plaintiff alleges "[d]efendants wrongfully interfered with Plaintiff's right to possess the lands by [. . .] destroying the same under the disguise of a clean-up, and then removing a 103 year old [plant] to a facility owned by GM." (Dkt. 31 at page 9, ¶ 25). But, GM's inclusion in the collective reference to "defendants," without more, is insufficient to state a cause of action against GM. The Complaint must allege specifically what each defendant said or did. *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012). Plaintiff's blanket allegations that group GM with Kettering, without an accompanying allegation demonstrating the actions against each defendant, are insufficient to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Iqbal*, *supra,* ("[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Even in pleadings drafted by *pro se* parties, "courts should not have to guess at the nature of the claim asserted." *Frengler*, 482 F. App'x at 976-77 (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

Plaintiff's entire claim of conversion is belied by the factual allegation that Kettering destroyed the plant, not GM. (Dkt. 31 at page 9, ¶ 21, ¶ 25). Plaintiff alleges "Kettering used a chainsaw to ***permanently destroy*** the plant of study." (Dkt. 31 at page 7-8, ¶ 18) (Emphasis added). Conversion requires GM to perform a distinct act of dominion over Plaintiff's personal property and requires that GM convert the property for some purpose personal to GM's interests. *Franklin Capital Funding, LLC*, 676 F. Supp. 3d at 529.

Plaintiff fails to sufficiently plead the purpose personal to GM's interest required for conversion. Even if Plaintiff's allegations are assumed to be true for purposes of this Motion, there is no plausible connection showing a purpose for the conversion tied to GM's interests. *Franklin Capital Funding, LLC*, at 529. For instance, there is no support that GM possessed any knowledge or awareness of Plaintiff's alleged botany dissertation. Plaintiff's statements about his botany study and the "Chevy brownsfield (sic)" sites are suppositions of a conspiracy that fail to state a claim. *Iqbal*, 556 U.S. 662; *Twombly*, 550 U.S. at 570. Thus, Plaintiff failed to state a claim of conversion against GM.

C.     Plaintiff Fails to Sufficiently Plead Extreme or Outrageous Conduct by GM to Establish a Claim for Intentional Infliction of Emotional Distress

Plaintiff's Second Amended Complaint fails to state a claim for intentional infliction of emotional distress against GM. In Michigan, intentional infliction of emotional distress requires "(1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress." *Llewellyn-Jones v. Metro Prop. Grp., Ltd. Liab. Co.*, 22 F. Supp. 3d 760, 794 (E.D. Mich. 2014). Liability arises only "where the distress inflicted is so severe that no reasonable man could be expected to endure it." *Andrews v. Prudential Sec.*, 160 F.3d 304, 309 (6th Cir. 1998). "A defendant will not be found liable for [']mere insults, indignities, threats, annoyances, petty oppressions or other trivialities.'" *McGrew v. Duncan*, 333 F. Supp. 3d 730, 742 (E.D. Mich. 2018). Importantly, "[t]here is no Michigan precedent that permits the recovery of damages for emotional injuries allegedly suffered as a consequence of property damage." *Koester v. VCA Animal Hosp.*, 244 Mich. App. 173, 176, 624 N.W.2d 209, 211 (2000).

Plaintiff fails to plead that GM engaged in extreme and outrageous conduct to the "level of outrage necessary to plead [IIED]," with the requisite intent, and that GM caused the harm. *Llewellyn-Jones*, 22 F. Supp. 3d at 795. Plaintiff makes vague and conclusory allegations that GM entered his property and took possession of an invasive species plant. (Dkt. 31 at page 3). That hardly rises to the level of the extreme and outrageous conduct that Michigan courts consider. *See*, *e.g.*, *McGrew v.*

*Duncan*, 333 F. Supp. 3d 730, 742 (E.D. Mich. 2018) (holding that when an officer forcibly entered a woman's home pursuant to a valid search warrant and threatened and insulted her, it did not rise to the level of extreme or outrageous as Plaintiff had "not alleged that the officer pointed a gun at her, or provided any other indication that the threat was serious."). *See*, *e.g.*, *Wargelin v. Sisters of Mercy Health Corp.*, 149 Mich. App. 75, 88, 385 N.W.2d 732, 738 (1986) (holding that the "cumulative effect of all of the events surrounding the stillbirth of [a] child, if proven to be negligent at trial, are sufficient to cause a parent to suffer emotional and mental distress.").

"To establish a prima facie case of intentional infliction of emotional distress, [']it has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice', or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.['] [. . .] Instead, a defendant may be found liable [']only where the [defendant's] conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.[']" *Id.* at 14.

Plaintiff adds allegations that "defendants" engaged in "verbal threats, racial epithets, refusal to make repairs, and threats of violence." (Dkt. 31 at page 10).

However, "[a] defendant will not be found liable for [']mere insults [. . . ].'" *McGrew*, 333 F. Supp. 3d at 742. Moreover, Plaintiff fails to allege specifically what statements are attributable to GM, to whom, what expressly was said, whether that individual was acting within the course and scope of their employment with GM, let alone how it rises to extreme and outrageous conduct. *Frengler*, 482 F. App'x at 976-77. Thus, Plaintiff has failed to state a claim of intentional infliction of emotional distress under Michigan law.

> D.   **Plaintiff's Negligent Infliction Of Emotional Distress Claim Fails Because He Was Not Present When A Third Party Was Allegedly Harmed.**

Under Michigan law, negligent infliction of emotion distress requires "(1) the injury threatened or inflicted on the third person is a serious one, of a nature to cause severe mental disturbance to the plaintiff, (2) the shock results in actual physical harm, (3) the plaintiff is a member of the third person's immediate family, and (4) the plaintiff is present at the time of the accident or suffers shock 'fairly contemporaneous' with the accident." *House of Providence v. Meyers*, 458 F. Supp. 3d 621, 641 (E.D. Mich. 2020).

Plaintiff's claim fails on its face because Plaintiff admits facts that <u>disprove</u> his NIED claim. Specifically, Plaintiff alleges that he was <u>not</u> present when the events occurred and stated the incident was "3 days before Plaintiff's schedule[d] return to the property." (Dkt. 31 at page 9, ¶ 27). *See Wargelin v. Sisters of Mercy*

*Health Corp.*, 149 Mich. App. 75, 81, 385 N.W.2d 732, 735 (1986) (NIED requires Plaintiff is present at the time of the accident or suffers shock fairly contemporaneous with the accident). Moreover, because Plaintiff was not present and did not contemporaneously suffer from his daughter's alleged harm, this cannot be the proximate cause of Plaintiff's harm for NIED. *Id.*

Despite Plaintiff's attempts to cure his deficiencies, NIED unequivocally fails as a matter of law since Michigan "requires allegations of serious injury threatened or inflicted on a third person (who must be a member of plaintiff's immediate family) and actual physical harm ***to the witnessing plaintiff***." *Id.* (Emphasis added) Here, Plaintiff has not properly pleaded that he was present when his daughter was allegedly harmed or that he suffered any shock contemporaneously from his daughter's alleged harm. Further, Plaintiff has not plausibly alleged that his daughter suffered severe emotional distress or that he suffered actual harm in connection to the alleged incident. Plaintiff's allegations therefore abjectly fail to state a claim for intentional infliction of emotional distress by GM and require dismissal under Fed. R. Civ. P. 12(b)(6).

     E.    <u>Plaintiff Does Not Sufficiently Allege Vicarious Liability</u>

Plaintiff's Second Amended Complaint fails to plead facts sufficient to make a plausible claim that GM is vicariously liable for the actions of Kettering staff and students. Vicarious liability exists when "(1) a defendant has the right and ability to

supervise the infringing conduct and (2) the defendant has an obvious and direct financial interest in the infringement." *Gordon v. Nextel Commc'ns*, 345 F.3d 922, 925 (6th Cir. 2003). *Respondeat superior* is a narrower legal doctrine that holds an employer liable for the acts of its employees. *Id.*

       To support his vicarious liability claim, Plaintiff states that GM generally controls the Kettering board because some unidentified GM employees coincidently *may* sit on Kettering's board. (Dkt. 31 at page 4). But, these allegations are insufficient to establish a vicarious liability claim. Plaintiff lacks factual support to make it plausible that GM had the right and ability to direct or oversee the actions of Kettering—a wholly separate entity—let alone its students and staff.

       Even assuming *arguendo* that the unidentified board members were employed by GM and directed the Kettering students and staff, Plaintiff does not plausibly plead that the unidentified board members were acting in the scope of employment with GM. "An employer is not vicariously liable for acts committed by its employees outside the scope of employment because the employee is not acting for the employer or under the employer's control." *Rogers v. J.B. Hunt Transp.*, 466 Mich. 645, 651, 649 N.W.2d 23, 26 (2002). Conduct is not within the scope of employment if "it is different in kind from that authorized, far beyond the authorized time or space limits, or too little actuated by a purpose to serve the master." *Matouk v. Mich. Mun.*

*League Liab. & Prop. Pool*, 320 Mich. App. 402, 414, 907 N.W.2d 853, 861 (2017) (citing Second Restatement of Agency, 2d § 228).

Here, Plaintiff fails to allege facts to plausibly demonstrate that the unknown and unidentified GM employee(s) acted on GM's behalf, with express or implied authority from GM, or within their scope of employment with GM, which is required to sustain a *respondent superior* claim. *Id.* Indeed, any putative actions by Kettering board members would have been within the scope of their service with *Kettering*, not with GM. GM cannot direct or control how its employees perform or engage in civic duties outside of their alleged employment with GM. Thus, Plaintiff's vicarious liability claim is therefore ripe for dismissal.

## II.   Plaintiff's Second Amended Complaint Fails to State a Claim Under Fed. R. Civ. P. 12(c)

GM is entitled to judgment on the pleadings because the parties' submission prove that Kettering, not GM, caused the injuries asserted in Plaintiff's Second Amended Complaint. "Statements in pleadings that acknowledge the truth of some matter alleged by an opposing party are judicial admissions binding on the party making them." *Ahghazali v. Sec'y of Health & Human Servs.*, 867 F.2d 921, 927 (6th Cir. 1989). "[U]nder federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court." *Ferguson v. Neighborhood Hous. Servs., Inc.*, 780 F.2d 549, 551 (6th Cir. 1986) (citing *Brown v. Tennessee Gas Pipeline Co.*, 623 F.2d 450, 454 (6th Cir. 1980)).

Here, Kettering admits several times in its various pleadings that Kettering entered Plaintiff's property, cut down the bush, and moved the remaining branches. Specifically, in Kettering's Answer to the Second Amended Complaint, it admitted that it "entered the property of Wolcott Street at a time where the property appeared abandoned and that *its staff* removed a burning bush plant and other minor vegetation in an effort to improve the appearance of the property." (Dkt. 32 at page 4, ¶ 17) (Emphasis added). Kettering also unequivocally "admit[ted] that some cuts were made on trees[,]" (Dkt. 32 at page 2, ¶ 5) and Kettering "removed the burning bush plant complained of by Plaintiff." (Dkt. 32 at page 4-5, ¶ 23, ¶ 25, ¶ 28).

Kettering's liability is further evidenced by its admission that "some branches were left on the ground at the very rear of the property after being pushed to the back of the backyard before Defendant [Kettering] left the property on October 1, 2022." (Dkt. 32 at page 2-3, ¶ 5). In fact, in response to Plaintiff's claim that "GM had members of its staff enter the Plaintiff's property to remove the plant of study and place it in to a Box truck owned by GM[,]" (Dkt. 31 at page 9, ¶ 21) Kettering denied the statement as untrue. (Dkt. 32 at page 4, ¶ 21). Kettering's Answer to the Second Amended Complaint even denies that any vicarious liability exists here. (Dkt. 32 at page 6, ¶ 38, ¶ 39).

Kettering's multiple admissions bind it and render its liability uncontested, thus requiring dismissal of GM. Indeed, Kettering unequivocally admits that its staff

and students "***entered*** Plaintiff's property [. . .] on October 1, 2022, and ***cut down*** a burning bush plant and other minor vegetation that completely blocked the front steps to the front porch of the house on the property [. . .] ***at the request of neighbor(s)*** as a community service project ***by Kettering University***. (Dkt. 32 at page 2, ¶ 5) (Emphasis added).

This admission establishes that no act or omission by GM caused Plaintiff's injury in order to plausibly show the proximate cause. *Gold v. Deloitte & Touche, LLP (In re NM Holdings Co., LLC)*, 411 B.R. 542, 547 (E.D. Mich. 2009). Based on the clear and binding admissions by Kettering, there is no question that the alleged harm is attributable to and done by Kettering and, *to wit*, at the request of neighbors not by GM. GM, therefore, lacked any involvement in the act or supervision of the alleged malfeasance. *Gamboa v. Ford Motor Co.,* 381 F. Supp. 3d 853, 883 (E.D. Mich., 2019) ("The plaintiff must show some direct relation between the injury asserted and the injurious conduct alleged. Importantly, the causation inquiry must focus on the alleged link between the predicate acts and the asserted injury") (Internal quotations and citations omitted).

Based on Kettering's admission that Kettering entered Plaintiff's property, cut down the bush, and moved the remains of the tree, there is no viable claim against GM. Only Kettering performed the alleged actions—not GM. Thus, judgment on the pleadings must be granted to GM.

## <u>CONCLUSION</u>

As no reasonable inference can be made that GM is liable for the alleged acts, Plaintiff's Second Amended Complaint must be dismissed against GM with prejudice. GM respectfully requests that this Honorable Court enter an Order granting its Motion to Dismiss dismissing all Counts of Plaintiff's Second Amended Complaint with prejudice, and awarding any other relief the Court deems appropriate.

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

Dated: March 3, 2025        By: /s/ *Connor B. Walby*

Connor B. Walby (P82022)
Thomas N. Lurie Jr (P82856)
Evelyn Y. Galván (P87992)
39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304
Telephone: (248) 203-0700
CWalby@dykema.com
TLurie@dykema.com
EGalvan@dykema.com
*Attorneys for General Motors LLC*

17

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 3, 2025, I electronically filed and served the foregoing document via CM/ECF and served copies on the *pro se* Plaintiff and counsel of record via first class U.S. mail on the same date.

<div style="margin-left: 40%;">

Respectfully submitted,

**DYKEMA GOSSETT PLLC**

</div>

Dated: March 3, 2025          By: /s/ *Connor B. Walby*

<div style="margin-left: 40%;">

Connor B. Walby (P82022)
Thomas N. Lurie Jr (P82856)
Evelyn Y. Galván (P87992)
39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304
Telephone: (248) 203-0700
CWalby@dykema.com
TLurie@dykema.com
EGalvan@dykema.com
*Attorneys for General Motors LLC*

</div>