# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

STEPHEN TRIPODI

        Plaintiff,

v.

KETTERING UNIVERSITY, and
GENERAL MOTORS, LLC.

        Defendants.

Case No.    2:24-cv-12562

Honorable Jonathan J.C. Grey (P85893)

Magistrate Judge Anthony P. Patti (P43729)

**ANSWER OF KETTERING UNIVERSITY TO AMENDED COMPLAINT, JURY DEMAND, AFFIRMATIVE DEFENSES AND NEW MATTERS**

---

STEPHEN TRIPODI, *Pro Se*
215 North Arizona Ave
Prescott, Arizona 86301
928-350-7445
sctripodi@yahoo.com

DONALD G. ROCKWELL (P26723)
University Counsel for Kettering University
1700 University Avenue
Flint, Michigan 48504
810-762-9580
810-762-9755 Fax
rockwell411@gmail.com

THOMAS N. LURIE JR. (P82856)
Dykema Gossett PLLC
Attorney for General Motors LLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304
248-203-0806
248-203-0763 Fax
tlurie@dykema.com

---

**ANSWER OF KETTERING UNIVERSITY TO
AMENDED COMPLAINT**

      NOW COMES THE ABOVE-NAMED DEFENDANT, KETTERING UNIVERSITY, by and through its attorney, Donald G. Rockwell, and hereby sets forth its Answer Plaintiff's Amended Complaint, as follows:

## PARTIES AND JURISDICTION

1. The Defendant can neither admit nor deny as it has insufficient information to form a reasonable belief of the truth of the matter. To the extent the Plaintiff is unable to demonstrate diversity of citizenship this Honorable Court is without jurisdiction to hear this matter.

2. The Defendant admits these allegations as it relates to Kettering University.

3. The Defendant denies the allegation for the reason that any changes or alleged damages to the property of Plaintiff by the actions of the Defendant were minimal and cannot be anything near the amount claimed in this jurisdiction statement nor anything close to the minimum amount giving this Honorable Court jurisdiction.

4. Answer of Defendant to first claim sentence of paragraph 4: Defendant admits some of its staff and students entered Plaintiff's property on Wolcott Street on October 1, 2022, and cut down a burning bush plant and other minor vegetation that completely blocked the front steps to the front porch of the house on the property. This was done at the request of neighbor(s) as a community service project by Kettering University to improve the area and it was done under the impression that the property was abandoned.

Answer of Defendant to second claim sentence of paragraph 4: The Defendant denies the allegations as they are untrue.

Answer of Defendant to third claim sentence of paragraph 4: The Defendant denies the front yard was "kept". As to the remaining allegations in this sentence, the Defendant can neither admit nor deny as it has insufficient information to form a reasonable belief of the truth of the matter.

Answer of Defendant to fourth claim sentence of paragraph 4: The Defendant admits some cuts were made on trees but the Defendant denies the remaining allegations in this sentence

as they are untrue since such cuts were made near ground level and under no circumstances did any parts of the trees fall on the roof or cause damage to the roof because of the cutting process.

Answer of Defendant to fifth claim sentence of paragraph 4: Defendant admits only that some branches were left on the ground at the very rear of the property after being pushed to the back of the backyard before Defendant left the property on October 1, 2022. Defendant denies that any branches from the cutting process by Defendant could have fallen on Plaintiff.

Answer of Defendant to sixth claim sentence of paragraph 4: Defendant has insufficient information to form a reasonable belief as to whether the roof was replaced after October 1, 2022, or that there was any internal damage to the house and accordingly it can neither admit nor deny. Defendant denies the allegations that it caused any damages to the roof or internal damage to the house for the reason that no parts of the trees fell on Plaintiff's roof because of actions by the Defendant's staff or that Defendant in any way caused damage to the roof because of any cutting by Defendant's staff.

Answer of Defendant to seventh claim sentence of paragraph 4: Defendant can neither admit nor deny as it has insufficient information to form a reasonable belief of the truth of the matter.

Answer of Defendant to eighth claim sentence of paragraph 4: Defendant denies that it destroyed Plaintiff's house for the reason that such allegations are untrue. As to the remaining allegations, the Defendant can neither admit nor deny as it has insufficient information to form a reasonable belief of the truth of the matter.

Answer of Defendant to nineth claim sentence of paragraph 4: The plaintiff now suffers from severe post-traumatic stress disorder from the unbelievable acts committed by defendants.

5. The Defendant denies these allegations for the reason that they are untrue.

6. The Defendant denies these allegations for the reason that they are untrue.

7. The Defendant admits that it has, over the course of the last several years, made continuing efforts to improve neighborhoods and areas in and around the City of Flint including areas near the campus of Kettering University.

8. The Defendant denies these allegations for the reason that they are untrue.

9. The Defendant denies these allegations for the reason that they are untrue.

10. The Defendant denies these allegations in any way relate to any actions of Defendant's staff while it was on Plaintiff's property.

## TRESPASS TO LAND

11. The Defendant admits that its staff entered the property of Wolcott Street at a time where the property appeared abandoned and that its staff removed a burning bush plant and other minor vegetation in an effort to improve the appearance of the property. As to the remaining allegations, the Defendant denies the allegations for the reason they are untrue.

12. The Defendant denies the allegations set forth for the reason they are untrue.

13. The Defendant denies the allegations set forth for the reason they are untrue.

14. The Defendant is unaware whether the actions of its staff were witnessed by neighbors and, accordingly, it can neither admit nor deny the allegations.

15. The Defendant admits that it removed the burning bush plant complained of by Plaintiff. As to the remaining allegations, the Defendant denies the allegations for the reason they are untrue.

## CONVERSION OF PROPERTY

16. The Defendant incorporates by reference its answers to the allegations set forth in paragraphs 1 through 15.

17. The Defendant admits that it removed the burning bush plant complained of by Plaintiff. As to the remaining allegations, the Defendant denies the allegations for the reason they are untrue.

18. The Defendant is unaware whether the actions of its staff while on the property of Wolcott Street were witnessed by neighbors and, accordingly, it can neither admit nor deny the allegations. As to the remaining allegations, the Defendant denies the allegations for the reason they are untrue.

19. The Defendant can neither admit nor deny as it has insufficient information to form a reasonable belief of the truth of the matter.

20. The Defendant admits that it removed the burning bush plant complained of by Plaintiff. As to the remaining allegations, the Defendant leaves the Plaintiff to his proofs.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

21. The Defendant incorporates by reference its answers to the allegations set forth in paragraphs 1 through 20.

22. The Defendant denies the allegations set forth for the reason they are untrue. Defendant would further state that such claims for these types of damages are not allowable for a claim for damages to real property under Michigan law.

23. The Defendant denies the allegations set forth for the reason they are untrue. Defendant would further state that such claims for these types of damages are not allowable for a claim for damages to real property under Michigan law.

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

24. The Defendant incorporates by reference its answers to the allegations set forth in paragraphs 1 through 23.

25. The Defendant denies the allegations set forth for the reason they are untrue. Defendant would further state that such claims for these types of damages are not allowable for a claim for damages to real property under Michigan law.

26. The Defendant denies the allegations set forth for the reason they are untrue. Defendant would further state that such claims for these types of damages are not allowable for a claim for damages to real property under Michigan law.

### PRAYER FOR RELIEF

WHEREFORE, the Defendant denies the claims of relief set forth by Plaintiff. Accordingly, the Defendant, Kettering University, respectfully denies the Plaintiff is entitled to a judgment in his favor and the Defendant further requests that this Honorable Court enter a judgment in its favor against Plaintiff and grant this Defendant such other relief as it may be entitled by reason of untrue and unreasonable allegations of fact claimed by Plaintiff.

Date:   December 21, 2024          /s/ Donald G. Rockwell
                                   Donald G. Rockwell (P26723)
                                   University Counsel
                                   Kettering University
                                   1700 University Avenue
                                   Flint, Michigan 48504
                                   810-762-9580
                                   810-762-9755 Fax
                                   rockwell411@gmail.com

6

**JURY DEMAND**

NOW COMES THE ABOVE-NAMED DEFENDANT, KETTERING UNIVERSITY, by and through its attorney, Donald G. Rockwell, and hereby demands jury trial in this matter.

Date: December 21, 2024

/s/ Donald G. Rockwell
Donald G. Rockwell (P26723)
University Counsel
Kettering University
1700 University Avenue
Flint, Michigan 48504
810-762-9580
810-762-9755 Fax
rockwell411@gmail.com

**AFFIRMATIVE DEFENSES AND NEW MATTERS**

NOW COMES THE ABOVE-NAMED DEFENDANT, KETTERING UNIVERSITY, by and through its attorney, Donald G. Rockwell, and hereby sets forth its Amended Affirmative Defenses and New Matters:

1. To the extent the Plaintiff has failed to file claims for injury or damages in his complaint within the appropriate statute of limitations under Michigan law, such claims should be dismissed accordingly.

2. To the extent the Plaintiff has claimed injury or damages in his complaint caused by his own negligence or actions, such claims for injury or damages should be reduced or dismissed under Michigan law accordingly.

3. To the extent Plaintiff has failed to set forth allegations of fact to support his claims for injuries of damages, such claims for injuries or damages should be dismissed accordingly.

4. Plaintiff has set forth claims for damages that are beyond the scope of damages allowed by Michigan law for injury to real property.

5. To the extent Plaintiff has failed to mitigate his damages, if any exist, then such damages should be reduced or dismissed accordingly.

6. To the extent the Plaintiff fails to demonstrate diversity of citizenship or that any alleged damages allowable under Michigan law can possibly exceed the jurisdictional minimum of this Honorable Court, then this matter should be dismissed as this Honorable Court is without jurisdiction to hear this matter.

Date: December 21, 2024  /s/ Donald G. Rockwell
Donald G. Rockwell (P26723)
University Counsel
Kettering University
1700 University Avenue
Flint, Michigan 48504
810-762-9580
810-762-9755 Fax
rockwell411@gmail.com

8